## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

NEW  YORK  LIFE  INSURANCE :
COMPANY,                                        :
                                                          :
      **Plaintiff,**                               :
                                                          :               **Civil Action No.**
      **v.**                                          :               **7:07-CV-102 (HL)**
                                                          :
**TWR PROPERTIES LLC,**                :
                                                          :
      **Defendants.**                          :
                                                          :

## ORDER

As part of the initial review process, the Court determines whether a proper jurisdictional basis exists for each case. Because federal courts have only limited jurisdiction, the Court can only proceed with the requisite jurisdiction. <u>Save the Bay, Inc. v.United States Army</u>, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] It is generally a plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction. <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's original jurisdiction can be based either on a federal question or diversity of citizenship; however, as the Plaintiffs are attempting to establish jurisdiction based on diversity of citizenship, the Court will not discuss the elements necessary to establish federal question jurisdiction. The requirements for diversity of citizenship

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2000). In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998).

Although, there is no statutory definition of citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. <u>McCormick v. Anderholt</u>, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" <u>Id</u>. (quoting <u>Mas v. Perry</u>, 489 F.2d 1396, 1399 (5th Cir.1974)). Further, a person may reside in one place but be domiciled in another. <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Thus, mere residency is not enough to establish citizenship for diversity jurisdiction.

Similarly, the citizenship of most unincorporated artificial entities depends on the citizenship of each member composing the organization. <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021 (1990). For diversity purposes, an unincorporated entity is a citizen of each state of which a member of the entity is a citizen. <u>Id.</u> Therefore, "[t]o sufficiently allege the citizenships of [most] unincorporated business entities, a party

must list the citizenships of all the members of the [entity]." <u>Rolling Greens MHP, L.P. v.</u>
<u>Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (2004).    In contrast, a corporation is
a "citizen of any State by which it has been incorporated and of the State where it has its
principal place of business." 28 U.S.C. § 1332(c)(1) (2000). Although not defined by federal
statue, a corporation's principal place of business has been defined by federal case law.
Principal place of business is determined by analyzing the total activity of the corporation.
<u>Village Fair Shopping Center v. Sam Broadhead Trust</u>, 588 F.2d 431, 434 (5th Cir.1979).
The Eleventh Circuit Court of Appeals has adopted the "total activities" test to determine a
corporation's principal place of business. <u>See</u> <u>Vareka Investments, N.V. v. American</u>
<u>Investment Properties, Inc.</u>, 724 F.2d 907, 910 (11th Cir.1984). "Under this test, if a
corporation conducts the vast majority of its physical operations in a particular state, that
state will contain its principal place of business; however, if a corporation's physical
activities are negligible or are dispersed across several states, 'the nerve center, or corporate
offices, will be the principal place of business.'" <u>MacGinnitie v. Hobbs Group</u>, 420 F.3d
1234, 1239 (11th Cir. 2005) (quoting <u>Toms v. Country Quality Meats, Inc.</u>,
610 F.2d 313, 315 (5th Cir.1980). Accordingly, it is necessary in order to establish the
citizenship of a corporation to allege not only under which state's law the corporation was
incorporated, but also in which state the corporation's principal place of business is location.
Nevertheless, alleging the state in which a corporation does business is not enough to
establish the citizenship of a corporation.

　　　Plaintiff has failed to properly allege the citizenship of Defendant TWR Properties,

3

L.L.C.[2] Therefore, Plaintiff has twenty days from the entry of this order on the docket, to properly allege jurisdiction. If Plaintiff fails to do so, the case will be dismissed for lack of jurisdiction.

      **SO ORDERED**, this the 9th day of August, 2007.

            **/s/ Hugh Lawson    **
            **HUGH LAWSON, Judge**

scs

---

[2] Although the Complaint does not properly address the matter, it appears Plaintiff New York Life Insurance Company is treated as a corporation for diversity purposes. See Barnett v. Norfolk & Dedham Mut. Fire Ins. Co., 773 F. Supp. 1529, 1531 (N.D. Ga. 1991) ("If an entity is treated as a corporation under state law, it matters not for purposes of diversity jurisdiction whether the corporation is formally shareless or has members rather than shareholders.")